IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00561–EWN

DANIEL E. GONZALES,

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    This matter is before the court on Plaintiff's "Motion for Award of Attorney's Fees," filed February 21, 2006. Plaintiff, who prevailed on appeal in his suit challenging the Administrative Law Judge's ("ALJ") denial of Plaintiff's application for social security disability insurance benefits, now seeks attorney's fees from the Commissioner of Social Security (the "Commissioner") under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2006). This court has jurisdiction under 28 U.S.C. 2412 (2006).

**FACTS**

*1.   Factual Background*

The facts of this case are fully set out in my January 5, 2006 Order. (Order and Mem. of Decision at 1–7 [filed Jan. 5, 2006] [hereinafter "Order"].) Familiarity therewith is assumed.

*2.   Procedural History*

On July 8, 2002, Plaintiff applied for a closed period of disability insurance benefits covering July 15, 2001 to April 2003. (Admin. R. at 13, 38–40 [filed May 26, 2005] [hereinafter "Admin. R."].) On September 10, 2002, the Social Security Administration denied Plaintiff's application. (*Id.* at 30–34.) On November 18, 2004, the ALJ held a hearing on Plaintiff's claim, at which Plaintiff and a vocational expert testified. (*Id.* at 179–209.) That same day, the ALJ issued a decision determining that Plaintiff was not disabled, because he retained the residual functional capacity ("RFC") to perform sedentary exertional work. (*Id.* at 17.) Accordingly, the ALJ concluded that Plaintiff was not entitled to disability insurance benefits during Plaintiff's alleged period of disability. (*Id.*) Plaintiff appealed this decision, and on February 4, 2005, the Appeals Council declined to review the ALJ's determination. (*Id.* at 5–8.) Thus, the ALJ's decision became the Commissioner's final decision for the purposes of the present appeal.

Plaintiff filed a complaint in this court on March 25, 2005, challenging the Commissioner's denial of disability insurance benefits. (Compl. [filed Mar. 25, 2005].) In an order dated January 5, 2006, this court reversed and remanded the Commissioner's decision for further administrative proceedings based on the ALJ's failure to: (1) articulate specific reasons for rejecting the opinion of a treating physician; and (2) state with specificity the nature of the Plaintiff's sitting and

standing limitations in the RFC determination. (Order at 14–15.) On February 21, 2006, Plaintiff filed a motion for award of attorney's fees pursuant to the EAJA. (Mot. for Award of Atty's Fees [filed Feb. 21, 2006] [hereinafter "Pl.'s Mot. for Fees"].) Plaintiff argues he is entitled to attorney's fees because: (1) he is a "prevailing party;" (2) there are no "special circumstances" which make the award unjust; and (3) the position of the Commissioner in this litigation was not substantially justified. (Pl.'s Mot. for Fees.) On March 7, 2006, the Commissioner responded to the motion. (Def.'s Resp. to Pl.'s Mot. for Award of Atty's Fees [filed Mar. 7, 2006] [hereinafter "Def.'s Resp. to Mot. for Fees"].) On February 15, 2006, Plaintiff filed a reply brief in support of its motion. (Pl.'s Reply Br. Re.: Mot. for Award of Atty's Fees [filed Feb. 15, 2006] [hereinafter "Pl.'s Reply in Supp. of Mot. for Fees"].)

**ANALYSIS**

*1.     Standard of Review*

The EAJA provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . ., including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2006) (emphasis added). A fee award is thus required if (1) Plaintiff is a "prevailing party;" (2) the position of the United States was not "substantially justified;" and (3) there are no "special circumstances" that make the award unjust. *Comm'r v. Jean*, 496 U.S. 154, 159 (1990); *Valdez v. Barnhart*, No. 05-1056, 2006 U.S. App. LEXIS 18406, at *3 (10th Cir. July 19, 2006). Under the EAJA, the government bears the burden of showing that its

position was substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). To meet this burden, the government must show that its case had a reasonable basis in law and fact. *Id.* The Supreme Court has held that "substantially justified" means "justified in substance or in the main," that is, "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "A position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. The government's success or failure on the merits may be evidence of whether its position was substantially justified, but success or failure alone is not determinative of the issue. *Hadden*, 851 F.2d at 1267. Consequently, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1269. As this circuit has recognized:

> Since a social security appeal usually will be reversed only if the court finds the [ALJ's] position to lack substantial evidence, the practical effect of viewing "substantial evidence" and "substantially justified" as synonymous would be that attorney fee awards would become automatic in virtually all successful social security appeals. This would be contrary to the clearly expressed intent of Congress that fees under the EAJA not be awarded automatically when the plaintiff prevails against the Government.

*Id.* (quoting *Cohen v. Bowen*, 837 F.2d 582, 585–86 [2d Cir. 1988]).

### *2.    Evaluation of Claims*

#### *a.    Rejection of Dr. Berens' Opinion*

In the instant case, the parties do not dispute that Plaintiff is a "prevailing party," and the Commissioner does not assert that there are "special circumstances" rendering an award unjust.

4

(*See* Pl.'s Mot. for Fees.)  The parties only dispute whether the Commissioner's position in this litigation and at the Social Security Administration was "substantially justified."  (*See id.* at 2; Def.'s Resp. to Mot. for Fees at 1.)  Specifically, Plaintiff contends that the ALJ's application of the treating physician rule was not substantially justified, because he did not give specific, legitimate reasons for rejecting the opinion of Plaintiff's treating physician, Gregory W. Berens, M.D.  (Pl.'s Mot. for Fees at 2.)  Accordingly, Plaintiff argues the Commissioner could not have been substantially justified in defending the ALJ's application of the rule.  (*Id.* at 2–3.)

It is well established that an ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record.  *See* 20 C.F.R. § 404.1527(d)(2) (2006); *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004)*; Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).  If the ALJ decides not to give a treating physician's opinion controlling weight, the ALJ must consider a series of factors in determining the amount of weight to give the opinion, including the degree to which the opinion is supported by relevant evidence and the opinion's consistency with the record as a whole.  *See* 20 C.F.R.§ 404.1527(d)(2)-(6) (2006); *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995).  Should an ALJ disregard the opinion of a treating physician, the ALJ must set forth "specific, legitimate reasons" for doing so.  *Hamlin*, 365 F.3d at 1215.

During Plaintiff's alleged period of disability, Dr. Berens twice suggested that Plaintiff was capable of performing "sedentary" work.  (*See* Admin. R. at 96, 98.)  On August 25, 2004, after the conclusion of Plaintiff's alleged period of disability, Dr. Berens completed a form clarifying

what he meant when he had used the terminology "sedentary work."[1]  (*Id.* at 172–73.)  In relevant part, Dr. Berens explained he meant Plaintiff could: (1) lift no more than ten pounds occasionally; (2) sit up to four hours in an eight-hour workday; and (3) stand up to two hours in an eight-hour workday.  (*Id.*)  Additionally, Dr. Berens stated Plaintiff had to lie down for thirty minutes three to four times during the day and was only capable of working five to six hours per day.  (*Id.*)

The ALJ's RFC evaluation failed to give credence to Dr. Berens' 2004 assessment of Plaintiff's limitations during the alleged period of disability.  (*Id.* at 17.)  Instead, the ALJ concluded that Plaintiff could perform work in which he was expected to stand and walk occasionally, while sitting "the remainder of the time."  (*Id.*)  The ALJ's rejection of Dr. Berens' restrictions is crucial to Plaintiff's disability determination.  The vocational expert, on whose testimony the ALJ expressly relied in making his disability determination, opined that an individual who was limited to sitting up to four hours per day and working up to six hours per day, and who had to lie down three times each day for thirty minutes, would be precluded from all employment.  (*Id.* at 17, 208.)  Thus, according to the vocational expert, if the ALJ were to have adopted Dr. Berens' restrictions, Plaintiff would not have been able to work during the relevant time period and would have been conclusively disabled.

The ALJ gave the following explanation for his rejection of Dr. Berens' opinion:  "The undersigned accords little weight to [Dr. Berens'] assessment, as [he] placed rather extreme

---

[1] The Commissioner acknowledges in a published ruling that an ALJ must not assume that a medical source, when using a term such as "sedentary," is aware of the legal definition of this term.  SSR No. 96-5P (1996).  Thus, it is wholly appropriate for Dr. Berens to explain fully the meaning of "sedentary" as he used the term in the clinical context.

6

functional limitations on the claimant that are not well supported by the medical signs and findings, or even by Dr. Berens' own observations made in 2002." (*Id.* at 17.)

During Plaintiff's appeal of his denial of disability benefits, the Commissioner argued that the ALJ's rejection of Dr. Berens' opinion was supported by specific and legitimate reasons, in that the ALJ ultimately discounted the opinion because it was not supported by Dr. Berens' progress notes or the other record evidence. (Def.'s Resp. Br. at 16–18 [filed Aug. 22, 2005] [hereinafter "Def.'s Disability Resp."].) Specifically, the Commissioner pointed to the ALJ's reference to Dr. Berens' March 2002 clinical notes that Plaintiff was in "pretty good shape" and, in spite of some pain, was able to do normal activities around the house without much difficulty. (*Id.* at 16; *see* Admin. R. at 17.) The ALJ also referenced Dr. Berens' March 2002 suggestion that Plaintiff was capable of "sedentary" work. (Def.'s Disability Resp. at 16–17; *see* Admin. R. at 17.) Further, as the Commissioner observed, the ALJ noted that in January 2002, R. Lindsay Lilly, Jr., M.D., a surgeon, opined Plaintiff could perform "sedentary" work. (Def.'s Disability Resp. at 17; *see* Admin. R. at 17, 127.)

Now, the court must ask whether the Commissioner's defense of the ALJ's application of the treating physician rule had a reasonable basis in law and fact. *See Jenkins v. Chater*, No. 95-5153, 1996 U.S. App. LEXIS 6085, at *5 (10th Cir. Apr. 1, 1996) ("The government position that must have had a reasonable basis in law and fact is the [defense of] the ALJ's application of the treating physician rule, not the [defense of] the ALJ's [disability] determination."); *Flores v. Shalala*, 49 F.3d 562, 566, 572 (9th Cir. 1995) (In determining whether the government was substantially justified, court should focus on government's position on issue that led to remand

rather than on ultimate issue of disability). I find the Commissioner's defense of the ALJ's application of the treating physician rule was without reasonable basis in the law, and thus decline to discuss any factual basis for the application.

This circuit's caselaw definitively establishes that conclusory statements cannot constitute specific and legitimate reasons for rejecting a treating physician's opinion. *Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988) ("[A] conclusory statement hardly provides the justification legally required for rejecting the treating physician's opinion . . . ."); *accord Diggdon v. Apfel*, No. 98-5207, 1999 U.S. App. LEXIS 19248, at *12 (10th Cir. Aug. 16, 1999). The ALJ's assertion that Dr. Berens' 2004 restrictions "are not well supported by the medical signs and findings," is just such a conclusory statement, as the ALJ failed to support the statement with a single reference, or even citation, to the record. (Admin. R. at 17.) *See Lawton v. Barnhart*, 121 F. App'x 364, 373 (10th Cir. 2005) (finding the ALJ violated the treating physician rule, because the ALJ failed to state with specificity the inconsistencies in the record that the ALJ claimed supported his rejection of the treating physician's opinion); *Diggdon*, 1999 U.S. App. LEXIS 19248, at *2 (finding the ALJ's rejection of a treating physician's opinion was not supported by "specific, legitimate reasons," because the ALJ "failed to cite any evidence in the record" to support his conclusion that the treating physician's opinion was inconsistent with the medical evidence).

The Commissioner's attempt to connect up the ALJ's statement with Dr. Lilly's conclusion that Plaintiff could perform sedentary work is improper. It is true that the ALJ mentioned Dr. Lilly's opinion in his decision, but he failed to offer this opinion—or any other medical findings—in support of his conclusion that Dr. Berens' restrictions "are not well

8

supported by the medical signs and findings." (Admin. R. at 17.) The Commissioner simply "may not create post-hoc rationalizations to explain the [ALJ's] treatment of evidence when that treatment is not apparent from the [ALJ's] decision itself." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005); *Mercantile Tex. Corp. v. Bd. of Governors of the Fed. Reserve Sys.*, 638 F.2d 1255, 1260 (5th Cir. 1981) (decision cannot be affirmed on the basis of appellate counsel's post-hoc rationalizations for agency action). Moreover, even if the ALJ had explicitly relied on Dr. Lilly's opinion in rejecting Dr. Berens' restrictions, it is doubtful such reliance would have been availing. As the Commissioner acknowledges in a published ruling, an ALJ must not assume that a medical source, when using a term such as "sedentary," is aware of the legal definition of that term. SSR No. 96-5P (1996). Accordingly, the ALJ's assertion that Dr. Berens' 2004 opinion is "not well supported by the medical signs and findings" is the kind of conclusory, wholly unsupported statement that cannot even arguably equate to the specific and legitimate reasoning required by the treating physician rule. *See Frey*, 816 F.2d at 513; *Reyes*, 845 F. 2d at 245.

The only other reason the ALJ asserted for rejecting Dr. Berens' opinions was that the restrictions placed on Plaintiff by Dr. Berens were "not well supported . . . by Dr. Berens' own observations made in 2002." (Admin. R. at 17.) As I stated in my January 5, 2006 Order, the ALJ failed to set forth the specific 2002 observations that conflict with Dr. Berens' 2004 opinion. (*Id.* at 17; Order at 14.) As articulated above, the Commissioner has proffered several observations made by Dr. Berens in 2002 that may arguably support the ALJ's contested determination. (Def.'s Disability Br. at 16–18.) Although the ALJ made mention of some of these observations in his opinion, he failed to offer any of these observations in direct support of

9

his rejection of Dr. Berens' opinion. (Admin. R. at 17.) Moreover, although it is the obligation of the ALJ, not the reviewing court, to state the specific and legitimate reasons for his rejection of the treating physician's opinion, even a review of the record evidence does not clarify to what observations the ALJ was referring. In fact, such a review suggests that the ALJ's reliance on Dr. Berens' 2002 observations to contradict Dr. Berens' 2004 restrictions, may not have had a reasonable basis in fact. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) ("It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."). Dr. Berens treated Plaintiff many times in 2002, making not only the observations noted by the Commissioner, but also the observations that Plaintiff experienced "pain and decrease[d] range of [neck] motion," pain exacerbation, and mid-back pain and spasms. (Admin. R. at 96, 175–76.) Further, in October of 2002, after diagnosing Plaintiff with thoracic and lumbar strain, Dr. Berens advised Plaintiff to obtain intermittent bed rest during which he was to lie on his side to relax his back, avoid bending and stopping, and lift and carry no more than ten to fifteen pounds occasionally. (*Id.*) Accordingly, it is utterly unclear in what way Dr. Berens' 2002 observations conflicted with his 2004 retrospective assessment of Plaintiff, and the ALJ's opinion offers no assistance in solving this mystery.

Again, the Commissioner's offering of several observations by Dr. Berens in 2002 that conceivably support the ALJ's determination is exactly the kind of post-hoc rationalizations that this court rejects without reservation. *See Grogan*, 399 F.3d at 1263; *Mercantile Tex. Corp.*, 638 F.2d at 1260. It is the ALJ's undelegable duty to make his specific and legitimate reasons for

rejecting a treating physician's opinion clear on the record, and the ALJ's failure to do so may not be corrected by counsel. *Grogan*, 399 F.3d at 1263 (finding the government "may not create post-hoc rationalizations to explain the [ALJ's] treatment of evidence when that treatment is not apparent from the [ALJ's] decision itself").

Based on the same reasoning I have just stated, I found in my January 5, 2005 Order that the ALJ's stated reasons for rejecting Dr. Berens' opinion are patently vague, and thus cannot possibly be the specific and legitimate reasons required by the treating physician rule.[2] (Order at 14.) The treating physician rule is one of those "specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Reyes*, 845 F.2d at 244. As the Commissioner well knows, failure to follow this rule inevitably constitutes reversible error. *See id.* Considering the wealth of caselaw in this circuit clearly delineating the requirements of the treating physician rule, I find the ALJ's application of the rule, as well as the Commissioner's defense of that application, are without reasonable basis in law. *See, e.g.*, *Frey*, 816 F.2d at 513;

---

[2]By way of counter-example, the Tenth Circuit has upheld an ALJ's rejection of a treating physician's opinion, when the ALJ "gave quite specific reasons for the determination," including:

> (1) that [the treating physician] was not the admitting or consulting physician during the 1997 hospitalization; (2) that the attending physician actually was concerned about kidney infection and possible bowel disorder rather than pain of musculoskeletal etiology; (3) that x-rays showed only mild to moderate degenerative changes; and (4) that [the treating physician], as a general practitioner and clinical gynecologist, is not particularly well-qualified to give an assessment of Plaintiff's orthopedic status.

*Young v. Barnhart*, 146 F. App'x 952, 954–55 (10th Cir. 2005).

11

Reyes, 845 F.2d at 245; *Byron*, 742 F.2d at 1235. Based on the foregoing, I hold that a reasonable attorney's fee should be assigned against the Commissioner under the EAJA.

### b.  *Award of Attorney's Fees*

Having determined that Plaintiff has met the threshold condition for an award of fees and costs under the EAJA, this court must now undertake the "task of determining what fee is reasonable." *INS v. Jean*, 496 U.S. 154, 161 (1990). The EAJA mandates that eligible Plaintiffs should receive "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (2006). "There is no precise rule or formula for making these determinations. . . . The [district] court necessarily has discretion in making this equitable judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). Still, the court should articulate "a concise but clear explanation of its reasons" for the fee award. *Id.* at 437. Further, the fee applicant bears the burden of establishing entitlement to an award. *Id.*

In the instant motion, Plaintiff seeks fees for 35.6 hours of work at $159.59 per hour, totaling $5,539.00. (Pl.'s Mot. for Fees. at 1.) The amount requested is properly supported by an affidavit of Plaintiff's attorney, explaining with specificity how he spent each of the claimed hours preparing the case.[3] (*Id.*, Ex.1 [Seckar Aff.].) At the outset, I note the Commissioner does not

---

[3] 28 U.S.C. § 2412(d)(1)(B) mandates that a prevailing party seeking attorney's fees, submit "an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."

quibble with the hourly rate Plaintiff seeks.[4]  The only issue before this court, then, is the number of hours Plaintiff claims.  The Commissioner requests the court reduce Plaintiff's attorney's compensable time by 6.8 hours.  (Def.'s Resp. to Mot. for Fees at 8–9.)  Specifically, she argues Plaintiff's attorney should not be compensated for any time spent refiling his opening disability brief or for time spent filing a motion for reassignment to a magistrate judge, which was ultimately denied.  (*Id.*; *see* Pl.'s Opening Br. [filed July 29, 2005].)  Further, the Commissioner maintains Plaintiff's attorney should be compensated for no more than five hours to draft his four-page disability reply brief, instead of the nine hours that Plaintiff claims.  (Def.'s Resp. to Mot. for Fees at 9; *see* Pl.'s Reply Br. [filed Sept. 9, 2005] [hereinafter "Pl.'s Disability Reply"].)

In his reply, Plaintiff withdraws his request for remuneration for refiling his opening disability brief, recognizing the need to refile was due to counsel's error.  (Pl.'s Reply in Supp. of Mot. for Fees at 4.)  Plaintiff, however, contends his attorney should be compensated for filing the motion for reassignment to a magistrate judge, as the parties unanimously consented to the exercise of jurisdiction by a magistrate judge and the Commissioner's counsel made no objection to the motion for reassignment.  (*Id.* at 4–5; *see* Jt. Case Mgmt. Plan at 5 [filed Jun. 27, 2005]; Unopposed Mot. for Reassignmt. to Mag. Judge [filed Sept. 23, 2005].)  Moreover, Plaintiff

---

[4]28 U.S.C. § 2412(d)(2)(A) (2006) places a statutory cap of $125 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." In this case, Plaintiff has properly supported his request for an increased fee with data regarding the Consumer Price Index for the relevant area.  *See Headlee v. Bowen*, 869 F.2d 548, 550 (10th Cir. 1989) (holding "[t]he Consumer Price Index is sufficient evidence upon which to calculate the cost of living . . . for the purposes of determining an [EAJA] fee award").  I thus find that an increase in cost of living justifies a higher fee in this case.

argues nine hours is a reasonable amount of time to have spent researching and writing his four-page disability reply brief. As Plaintiff points out, the reply was to a twenty-three page response brief that included over one hundred citations to the Administrative Record. (Def.'s Resp. to Mot for Fees at 5; *see* Pl.'s Disability Reply; Def.'s Disability Resp.)

I accept Plaintiff's withdrawal of his request for compensation for time spent refiling his opening brief. Additionally, I find the hours spent by Plaintiff's attorney on both the motion for reassignment and the reply brief was reasonable. *See Hensley*, 461 U.S. at 436–37 (noting the discretion of the district court in determining reasonableness of claimed hours). I am hard-pressed to understand how the Commissioner could argue that the drafting and filing of a motion to which she explicitly consented was an unreasonable task deserving of no compensation. *See* Jt. Case Mgmt. Plan at [filed Jun. 27, 2005]; Unopposed Mot. for Reassignmt. to Mag. Judge [filed Sept. 23, 2005].) I also agree with Plaintiff that "[t]he fact [the disability reply brief] was ultimately written in a short, concise manner does not mean that the work in preparation for the actual writing was equally short." (Def.'s Resp. to Mot. for Fees at 5–6.) In reviewing the reply brief, I find it to be a well-written, concise document that is fully responsive to the Commissioner's most salient arguments in her twenty-three page response brief. (*See* Pl.'s Disability Reply; Def.'s Disability Resp.) This court has a high appreciation for party submissions that are not unduly lengthy or imprecise. Moreover, this court recognizes that the creation of such documents takes time. I find nine hours spent researching and writing Plaintiff's disability reply brief was a reasonable expenditure of time. Thus, I award Plaintiff attorney's fees for 35.2 hours of work.

Based on the foregoing, Plaintiff shall be awarded attorney's fees in the amount of $5,617.57 ($159.59 times 35.2 hours).

### 3. *Conclusion*

Based on the foregoing it is therefore

ORDERED as follows:

1.   Plaintiff's motion for EAJA Attorney's Fees (# 23) is GRANTED in part.

2.   The clerk shall forthwith enter judgment in favor of Plaintiff and against Defendant in the amount of $5,617.57.

Dated this 28th day of September, 2006.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge